```
                                   ___ FILED      ✓ LODGED
                                   ___ RECEIVED   ___ COPY

                                        AUG 1 4 2024

                                   CLERK U S DISTRICT COURT
                                     DISTRICT OF ARIZONA
                                   BY_____ DEPUTY
```

☒ FILED   ☐ LODGED

**Jan 27 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

GARY M. RESTAINO
United States Attorney
District of Arizona
D. MATTHEW CONTI
Assistant U.S. Attorney
Arizona State Bar No. 021719
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: David.Conti@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-00408-PHX-GMS (MTM) |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Cynthia Solano a.k.a. Cynthia Jorge Solano, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, CYNTHIA SOLANO, hereby agree to resolve of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Counts 1 and 2 of the Information charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 922(o) and 924(a)(2), Possession of a Machinegun, a Class C felony offense and 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering, a Class C felony offense.

2. **MAXIMUM PENALTIES**

   a. A violation of 18 U.S.C. §§ 922(o) and 924(a)(2) is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of ten years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed. A violation of 18 U.S.C. § 1956(h) is punishable by a maximum fine of $500,000 or twice the amount of

1 | laundered funds, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100.00 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulation: Sentencing Cap.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed 87 months. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

b. <u>Stipulation: Total Number of Firearms.</u> Pursuant to Fed. R. Crim. P.

1  11(c)(1)(C), the United States and the defendant stipulate and agree that the offense
2  involved more than 25 but less than 99 firearms under U.S.S.G. §2K2.1(b)(1)(B)[1]. Should
3  this case, for any reason, proceed to trial, the United States shall not be bound by this
4  agreement of the parties with regard to the quantity of drugs attributable to the defendant.

     c. <u>Stipulation: Attempted Transportation of Firearms Outside of United States</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant possessed the firearms with knowledge, intent, and reason to believe that the firearms would be transported out of the United States under U.S.S.G. §2K2.1(b)(6)(A).

     d. <u>Stipulation: Value of Laundered Funds</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant's Base Offense Level will be calculated on the basis that the value of laundered funds involved in the offense was at least $40,000 but less than $95,000. Should this case, for any reason, proceed to trial, the United States shall not be bound by this agreement of the parties with regard to the value of laundered funds attributable to the defendant.

     e. <u>Stipulation: Role</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant was an average participant.

     f. <u>Stipulation: Obstruction</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant willfully attempted to obstruct or impede the administration of justice with respect to the prosecution related to this conviction under U.S.S.G. §3C1.1.

     g. <u>Stipulation: Concurrent Sentences</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentences for Count 1 and Count 2 of the Information shall be run concurrently.

---

[1] The offenses were committed between March 21, 2022 and January 3, 2023 so the applicable United States Sentencing Commission Guidelines Manual 2021 is cited.

h. <u>Assets and Financial Responsibility</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.** **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss Count 1 of the Indictment.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.** **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically

be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

   a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

1     b.  Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

      c.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

            (1)  criminal convictions, history of drug abuse, and mental illness; and

            (2)  financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.    **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

      a.  Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

      b.  The defendant agrees to forfeit, and hereby forfeits, all interest in any asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense(s), or which was used to facilitate the commission of the offense(s), including the following property:

            (1)  Glock 45 cal. pistol, Serial Number XDZ410, and

            (2)  A conversion device

c.  Defendant waives and abandons all right, title, and interest in:
(1)  Taurus 9 mm pistol, Serial Number ACN753549,
(2)  Glock 40 cal. pistol, Serial Number KSU957,
(3)  Glock 9 mm pistol, Serial Number ACLE470,
(4)  Glock 45 cal. pistol, Serial Number AFMC431,
(5)  Glock 9 mm pistol, Serial Number AGTK741,
(6)  Glock 9 mm pistol, Serial Number BLGV761,
(7)  Glock 40 cal. pistol, Serial Number TPN393,
(8)  Glock 40 cal. pistol, Serial Number LKD247,
(9)  Glock 9 mm pistol, Serial Number AGYU221,
(10) Glock 40 cal. pistol, Serial Number BUCM694,
(11) Taurus 9 mm pistol, Serial Number 1C117681,
(12) Glock 9 mm pistol, Serial Number BUBK256,
(13) Taurus 9 mm pistol, Serial Number ACJ245805,
(14) Glock 9 mm pistol, Serial Number BCFB374,
(15) Glock 40 cal. pistol, Serial Number BCSK544,
(16) Glock 9 mm pistol, Serial Number BYDB699,
(17) Glock 9 mm pistol, Serial Number BYBD195,
(18) Glock 9 mm pistol, Serial Number BWVE817,
(19) Glock 9 mm pistol, Serial Number BDKZ983,
(20) Glock 9 mm pistol, Serial Number BWSL714,
(21) Glock 9 mm pistol, Serial Number BWDT300,
(22) Glock 40 cal. pistol, Serial Number TPN137,
(23) Glock 9 mm pistol, Serial Number BTTS084,
(24) HS Produkt 9 mm pistol, Serial Number BY259931,
(25) Glock 40 cal. pistol, Serial Number BSRE375,
(26) Glock 40 cal. pistol, Serial Number SZP206,
(27) Beretta 9 mm pistol, Serial Number BER143179Z,

| | | |
|---|---|---|
| 1 | (28) | Glock 9 mm pistol, Serial Number BAXA802, |
| 2 | (29) | Glock 9 mm pistol, Serial Number BPAA718, |
| 3 | (30) | Glock 10 mm pistol, Serial Number WAV545, |
| 4 | (31) | Glock 10 mm pistol, Serial Number BWTE460, |
| 5 | (32) | Glock 40 cal. pistol, Serial Number BXVG697, |
| 6 | (33) | Glock 40 cal. pistol, Serial Number BFBD695, |
| 7 | (34) | Glock 9 mm pistol, Serial Number BBHN119, |
| 8 | (35) | Glock 40 cal. pistol, Serial Number AERB856, |
| 9 | (36) | Glock 9 mm pistol, Serial Number BPFK189, |
| 10 | (37) | Taurus 9 mm pistol, Serial Number ACJ246070, |
| 11 | (38) | Glock 9 mm pistol, Serial Number ZDT831, |
| 12 | (39) | Glock 40 cal. pistol, Serial Number TPN497, |
| 13 | (40) | Glock 9 mm pistol, Serial Number BHPE407, |
| 14 | (41) | Glock .380 pistol, Serial Number AAXZ957, |
| 15 | (42) | Glock 9 mm pistol, Serial Number 13608LAV, |
| 16 | (43) | Taurus 9 mm pistol, Serial Number 1C144566, |
| 17 | (44) | Glock .357 pistol, Serial Number ECB369US, |
| 18 | (45) | Glock 9 mm pistol, Serial Number BSVX229, |
| 19 | (46) | Glock 9 mm pistol, Serial Number ZWL991, |
| 20 | (47) | Glock 40 cal. pistol, Serial Number EUL375US, |
| 21 | (48) | Taurus .357 revolver, Serial Number LY24178, |
| 22 | (49) | HS Produkt 9 mm pistol, Serial Number BA668586, |
| 23 | (50) | Smith & Wesson .38 cal. revolver, Serial Number DNR2689, |
| 24 | (51) | Taurus 9 mm pistol, Serial Number 1C141043, |
| 25 | (52) | Glock 9 mm pistol, Serial Number BSSS452, |
| 26 | (53) | Glock 9 mm pistol, Serial Number AGDW512, |
| 27 | (54) | Glock .357 pistol, Serial Number LFU619, |
| 28 | (55) | Glock 9 mm pistol, Serial Number BWSE544, |

| | | |
|---|---|---|
| 1 | (56) | Glock 40 cal. pistol, Serial Number GCD423, |
| 2 | (57) | Glock 40 cal. pistol, Serial Number TPN484, |
| 3 | (58) | Glock 9 mm pistol, Serial Number BVDY522, |
| 4 | (59) | Glock 9 mm pistol, Serial Number BXUU926, |
| 5 | (60) | Taurus 9 mm pistol, Serial Number ADA883649, |
| 6 | (61) | Glock .45 cal. pistol, Serial Number LSF750, |
| 7 | (62) | Taurus 9 mm pistol, Serial Number ACN733136, |
| 8 | (63) | Glock 9 mm pistol, Serial Number BYAU484, |
| 9 | (64) | Glock 9 mm pistol, Serial Number BTAS762, |
| 10 | (65) | Glock 40 cal. pistol, Serial Number GHW841, |
| 11 | (66) | Taurus 9 mm pistol, Serial Number ACN732940, |
| 12 | (67) | Glock 40 cal. pistol, Serial Number HWE655, |
| 13 | (68) | Glock 9 mm pistol, Serial Number AGBN516, |
| 14 | (69) | Glock 40 cal. pistol, Serial Number WED102, |
| 15 | (70) | Glock 9 mm pistol, Serial Number BWSB879, |
| 16 | (71) | Taurus 9 mm pistol, Serial Number ACK373239, |
| 17 | (72) | Taurus 9 mm pistol, Serial Number 1C143547, |
| 18 | (73) | Glock 45 cal. pistol, Serial Number RUK489, |
| 19 | (74) | Glock 40 cal. pistol, Serial Number PBG444, |
| 20 | (75) | Glock 9 mm pistol, Serial Number BXKC399, |
| 21 | (76) | Glock 9 mm pistol, Serial Number BXKX447, |
| 22 | (77) | Taurus 9 mm pistol, Serial Number TLX73340, |
| 23 | (78) | Glock 9 mm pistol, Serial Number BCYF394, |
| 24 | (79) | Glock 9 mm pistol, Serial Number BLAR872, |
| 25 | (80) | Taurus 9 mm pistol, Serial Number ADA883752, |
| 26 | (81) | Glock 9 mm pistol, Serial Number BUBT912, |
| 27 | (82) | Glock 9 mm pistol, Serial Number BXLE723, |
| 28 | (83) | Glock 40 cal. pistol, Serial Number BPAG611, |

  (84) Glock 9 mm pistol, Serial Number AEWM802, and,

  (85) any ammunition and/or magazines for the foregoing firearms surrendered to federal investigators on or about January 3, 2023 (collectively, the "abandoned property").

  d. Defendant waives, releases, and withdraws any claim that Defendant has made with respect to the abandoned property, and waives and releases any claim that Defendant might otherwise have made to them in the future. Defendant consents to the disposition or destruction of the abandoned property or its return to a third party.

  (1) Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, or destruction of the abandoned property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, or destruction of the abandoned property, including any such claim for attorney fees and litigation costs.

  (2) Defendant understands and consents that the abandoned property may be processed and disposed of according to Department of Justice policy and procedures.

  e. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

  f. Forfeiture and abandonment of the defendant's assets shall not be treated as

satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

    g.    The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

    h.    The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative, or judicial forfeiture of the listed property. The defendant agrees to waive her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

    i.    The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offenses.

    j.    The defendant hereby waives and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, abandonment, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the

1  defendant will waive any rights or cause of action that the defendant might otherwise have
2  had to claim that she is a "substantially prevailing party" for the purpose of recovery of
3  attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant
4  to 28 U.S.C. § 2465(b)(1).

5  **9.  ELEMENTS**

### Possession of a Machinegun
### 18 U.S.C. § 922(o)

On or between December 27, 2022 and January 3, 2023, in the District of Arizona:

1. The defendant knowingly possessed a "machinegun," and;
2. The defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machinegun" as defined by Section 921(a)(24).

### 18 U.S.C. § 921(a)(24)

The term "machinegun" has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. § 5845(b)).

### National Firearms Act (26 U.S.C. § 5845(b))

The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or in combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

### Conspiracy to Commit Money Laundering

On or between March 21, 2022 and January 9, 2023, in the District of Arizona:

1. There was an agreement between two or more persons to launder monetary instruments, and
2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

### Concealment Money Laundering

(Underlying Object of the Conspiracy)

1. The defendant conducted a financial transaction involving property that represented the proceeds of engaging in the business of dealing in firearms without a license,
2. The defendant knew that the property represented the proceeds of some form of unlawful activity, and
3. The defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, and control of the proceeds.

10. **FACTUAL BASIS**

    a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

    On or between March 21, 2022 and January 9, 2023, in the District of Arizona, I, Cynthia Solano, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown, to knowingly conduct financial transactions affecting interstate commerce, which involved the proceeds of the possession with intent to engage in the business of dealing in firearms without a license, with the intent to conceal the ownership of the proceeds, and knowing that the property involved in the financial transactions represented proceeds of some form of unlawful activity.

    On or between March 21, 2022 and January 9, 2023, I was involved in the concealment of the ownership of the proceeds stemming from the sale of the firearms without a license. During this time frame, firearms were purchased from private sellers in Arizona and transported to Michigan. I know the firearms were subsequently smuggled into Canada where they were later sold. After money was received from the sale of firearms without a license in Canada, other members of

the conspiracy sent some of the illicit proceeds by depositing funds into my Bank of America account, wiring proceeds to other associates at my direction through money service remitters, or transferring proceeds through mobile payment systems (including Zelle). The proceeds were transferred in this manner to conceal ownership of the illegally sold firearm proceeds and the identity of those involved in these sales. I was involved in the concealment of no less than $89,997.00 of illicit proceeds through these different methods during this time. Additionally, once the funds were received and gathered in Arizona, I used some of the funds to purchase additional firearms with the intent to deliver the firearms to Michigan.

Beginning on or about December 29, 2022, I gathered 87 firearms while I was in an apartment located in Phoenix, Arizona. I gathered the firearms because I intended to transport them from Arizona to Michigan where they would be smuggled into Canada by others. I knowingly possessed the firearms, which had previously been shipped or transported in interstate or foreign commerce.

One of the firearms, a Glock 45 cal. pistol Serial Number XDZ410 had a machinegun conversion device attached. These devices are often called "Switches" or "Glock Switches." Machinegun conversion devices are intended solely and exclusively to convert a firearm into a machinegun and considered a machinegun pursuant to 26 U.S.C. § 5845(b). I was aware the "Glock Switch" was solely intended to convert a firearm into a machinegun.

After gathering the firearms, I removed any fingerprints from them by wiping them down. Then I worked with others to wrap the firearms in gift wrapping paper. The firearms were placed in suitcases and loaded into my blue Chevrolet Tahoe. Then I travelled on interstate highways towards Michigan.

On January 3, 2023, I was driving the Chevrolet Tahoe near Springfield, Illinois when I pulled to the side of the road. A Trooper with the Illinois State Police pulled behind my Chevrolet Tahoe and spoke with me. Later, additional Illinois State Police Troopers responded and searched the Tahoe. Inside the suitcases, the

1   Troopers found the 87 firearms, including the Glock 45 cal. pistol Serial Number
2   XDZ410 which had a machinegun conversion device attached.
3   For forfeiture and abandonment purposes, I admit that I owned and possessed all of
4   the firearms, magazines, and firearms accessories listed in Section 8(b) and 8(c) of
5   this plea agreement, and that I possessed all of these items to further my agreement
6   to distribute firearms to others in Canada.
7   I also admit that after I was arraigned in this matter and placed on pretrial release, I
8   removed my court ordered electronic monitor and fled to Mexico to avoid
9   prosecution. After fleeing to Mexico, I was captured by law enforcement in Mexico
10  and deported to the United States. Upon being returned to the United States, I was
11  captured by the United States Marshals' Office.
12       b.      The defendant shall swear under oath to the accuracy of this statement and,
13  if the defendant should be called upon to testify about this matter in the future, any
14  intentional material inconsistencies in the defendant's testimony may subject the defendant
15  to additional penalties for perjury or false swearing, which may be enforced by the United
16  States under this agreement.
17              **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**
18       I have read the entire plea agreement with the assistance of my attorney. I
19  understand each of its provisions and I voluntarily agree to it.
20       I have discussed the case and my constitutional and other rights with my attorney.
21  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,
22  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
23  present evidence in my defense, to remain silent and refuse to be a witness against myself
24  by asserting my privilege against self-incrimination, all with the assistance of counsel, and
25  to be presumed innocent until proven guilty beyond a reasonable doubt.
26       I agree to enter my guilty plea as indicated above on the terms and conditions set
27  forth in this agreement.
28

1   I have been advised by my attorney of the nature of the charges to which I am
2   entering my guilty plea. I have further been advised by my attorney of the nature and range
3   of the possible sentence and that my ultimate sentence shall be determined by the Court
4   after consideration of the advisory Sentencing Guidelines.

5   My guilty plea is not the result of force, threats, assurances, or promises, other than
6   the promises contained in this agreement. I voluntarily agree to the provisions of this
7   agreement and I agree to be bound according to its provisions.

8   I understand that if I am granted probation or placed on supervised release by the
9   Court, the terms and conditions of such probation/supervised release are subject to
10  modification at any time. I further understand that if I violate any of the conditions of my
11  probation/supervised release, my probation/supervised release may be revoked and upon
12  such revocation, notwithstanding any other provision of this agreement, I may be required
13  to serve a term of imprisonment or my sentence otherwise may be altered.

14  This written plea agreement, and any written addenda filed as attachments to this
15  plea agreement, contain all the terms and conditions of the plea. Any additional
16  agreements, if any such agreements exist, shall be recorded in a separate document and
17  may be filed with the Court under seal; accordingly, additional agreements, if any, may not
18  be in the public record.

19  I further agree that promises, including any predictions as to the Sentencing
20  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
21  (including my attorney) that are not contained within this written plea agreement, are null
22  and void and have no force and effect.

23  I am satisfied that my defense attorney has represented me in a competent manner.
24  ///
25  ///
26  ///
27
28

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

7/15/2024
Date

CYNTHIA SOLANO
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

7/15/24
Date

MATTHEW LEATHERS 025316
Attorney for Defendant

///
///

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

8/14/24
Date

D. MATTHEW CONTI
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

1/27/2025
Date

HONORABLE G. MURRAY SNOW
United States District Judge